IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SARAH REBECCA
STRAWITCH,

     Appellant,

v.

FREDERICK STRAWITCH III,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3230

_____/

Opinion filed April 24, 2017.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

Richard A. Fillmore, Pensacola, for Appellant.

Travis R. Johnson of Meador, Johnson & Bushnell P.A., Pensacola, for Appellee.


PER CURIAM.

     Sarah and Frederick Strawitch, once husband and wife, ended their marriage in 2007. The final judgment of dissolution incorporated the parties' marital settlement agreement, which detailed their respective obligations regarding their minor child. Under the agreement, the husband was to provide the child's health

insurance, pay child support of some $800 per month, and pay for medical expenses not covered by insurance.

Five years later, the husband petitioned for a modification. According to the petition, the husband had become involuntarily unemployed. Subsequently, the husband began receiving Social Security disability income. The trial court found that there was a substantial change in circumstances and granted the modification. The trial court reduced the husband's child support obligations retroactively, ordered repayment of overpayments, and provided that the child's uncovered medical expenses would be allocated based on the parties' "respective percentages of income." Although the wife does not dispute the trial court's determination of a substantial change in circumstances, she challenges certain aspects of the modification order.

We affirm in all respects but one. In determining the amount of the husband's overpayment, the trial court accepted the figures the husband's counsel provided, without any evidence of how much the husband actually paid. Absent agreement of the parties, the trial court needed an evidentiary basis for the amount of the overpayment. *See Cheek v. Hesik*, 73 So. 3d 340, 345 (Fla. 1st DCA 2011) ("Although a trial court is free to reject even unrebutted testimony, there must be some evidentiary basis for its findings."). We therefore reverse and remand for additional proceedings.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

OSTERHAUS, JAY, and WINSOR, JJ., CONCUR.